**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com

**GREENWALD DAVIDSON RADBIL PLLC**
Michael L. Greenwald (to seek admission *pro hac vice*)
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: 561-826-5477
Fax: 561-961-5684
mgreenwald@gdrlawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BERTOLDI, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE STUDENT RELIEF, L.L.C.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Susan Bertoldi ("Plaintiff"), through her attorneys, on behalf of herself and others similarly situated, alleges the following against Defendant, Nationwide Student Relief, L.L.C. ("Defendant"):

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, because this action is brought under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. 1693 *et seq*.

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's action occurred in this State and this District, Plaintiff resides in this State and this District, and Defendant transacts substantial business in this State and this District.

## NATURE OF THE ACTION

4. This is an action brought pursuant to the EFTA, 15 U.S.C. §1693, *et seq.*, and Regulation E, 12 C.F.R. §1005.10(b), promulgated by the Consumer Financial Protection Bureau ("Regulation E"). The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services. The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. Regulation E is the implementing regulation for the EFTA.

5. Defendant routinely engages in business practices that violate the EFTA and Regulation E. Specifically, in connection with its promises of assistance with student loan debt, Defendant enters into preauthorized electronic fund transfer agreements with consumers that are not authorized by a writing signed or similarly authenticated by the consumers.

6. As a result of Defendant's violations of the EFTA and Regulation E, and pursuant to 15 U.S.C. § 1693m, Plaintiff brings this case as a class action seeking damages for herself and all others similarly situated.

## **PARTIES**

7. Plaintiff is a natural person who at all relevant times resided in San Joaquin County, California.

8. As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. §1693a and 12 C.F.R. § 1005.2(e).

9. Defendant is a Limited Liability Company with its principal offices located at 11075 S. State Street #36, Sandy, Utah 84070.

## **FACTUAL ALLEGATIONS**

10. Defendant purports to offer services regarding the consolidation and reduction of student loan debt. To that end, Defendant states on its web site:

> Are you behind in student loan payments? Do you see your minimum payments piling up? Have you gotten so far behind that you may be facing tax seizures or possible wage garnishments? we assist with those who are struggling with their Federal Student Loans! Go ahead and call our specialists and get the relief you are looking for!
>
> Millions of Americans are currently struggling under the weight of their Federal student loan debt. This debt is overwhelming and can have a HUGE negative impact on many aspects of your life! Furthering your education should have been a way to springboard you ahead in life, and now the debt from the Federal student loans used to attain that education is just holding you back!
>
> There's no need to continue struggling under your student loan debt. By speaking with one of our Trusted Advisors and receiving a FREE consultation, immediately find out how we can assist you with your unique student loan situation!
>
> We were created with one purpose, to help students and their parents navigate how to manage student loan debt. There are many ways to help reduce the burden of student loan debt; student loan consolidation and student loan forgiveness are just a few of the programs to help save you money. SallieMae and the Department of Education of established programs to help those struggling with

> student loan debt. Even if your student loan is in default, there are options available to you.
>
> Our specialists are available to help you navigate all these programs. You will be provided a FREE, no obligation consultation to show you how student loan consolidation or student loan forgiveness can help you!

http://nationwidestudentrelief.com/loan-consolidation/ (last visited Jan. 29, 2015).

11. In August 2014, and after discovering Defendant's advertised services on the Internet, Plaintiff contacted Defendant to learn more about its student loan debt reduction services.

12. To that end, Plaintiff spoke, via telephone, with a representative of Defendant regarding Defendant's loan consolidation and reduction services.

13. During the initial August 2014 telephone call, Plaintiff provided Defendant with her credit card information and made a payment of $100.

14. During the same conversation, Plaintiff also authorized, orally, Defendant to debit monies from her checking account for $39 per month until she paid a total of $500.

15. At all relevant times, Plaintiff had a checking account with Farmers & Merchants Bank.

16. Plaintiff's checking account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. §1693a(2).

17. However, rather than debit monies from her checking account, Defendant charged $39 to Plaintiff's credit card.

18. As a result, in October 2014, Plaintiff spoke, via telephone, with a representative of Defendant named Carrie to switch the recurring monthly payments of $39 from her credit card to her Farmers & Merchants Bank debit card (the "EFT Agreement").

4

19. Defendant's charges to Plaintiff's Farmers & Merchants Bank debit card are electronically transferred from her checking account.

20. Since October 2014 and continuing to the present, Defendant has electronically debited $39 per month from Plaintiff's checking account.

21. Pursuant to the oral EFT Agreement, Plaintiff's checking account is to be debited $39.00 per month until Plaintiff has made a total of $500 in payments to Defendant.

22. On at least four occasions since the initial debit from her checking account—twice in writing via email and twice over the telephone—Plaintiff instructed Defendant to cease its electronic fund transfers from her checking account.

23. Despite these repeated requests from Plaintiff, Defendant has not ceased the transfers, nor has it refunded any monies to Plaintiff.

24. Defendant did not obtain from Plaintiff written authorization for the EFT Agreement. Plaintiff has not authorized, in writing, any of the preauthorized electronic fund transfers from her checking account.

25. Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or the preauthorized electronic fund transfers.

26. Upon information and belief, Defendant has debited the accounts of numerous other consumers throughout the United States, on regularly scheduled intervals, without written authorization and without providing a copy of such authorization to those consumers, and continues to engage in such violative practices.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of herself and a class of similarly situated individuals as defined below:

> All persons in the United States who, within one year before the date of this complaint, entered into an agreement with Nationwide Student Relief, L.L.C. that allowed Nationwide Student Relief, L.L.C. to electronically transfer funds from the person's account on a recurring basis where (1) the funds transfers were not authorized by a writing signed or similarly authenticated by the person, and/or (2) Nationwide Student Relief, L.L.C. did not provide to the person a copy of any document which the person signed authorizing the preauthorized electronic fund transfers.

(the "Class"). Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

    28.    The proposed Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that, upon information and belief, the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

    29.    Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the class. Like all members of the Class, Plaintiff entered into an oral preauthorized electronic fund transfer agreement with Defendant that was not authorized by a writing signed or similarly authenticated by Plaintiff.

    30.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation.

31.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

32.  Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Class.  Among the issues of law and fact common to the Class are:

  a. Defendant's violations of the EFTA and Regulation E, as alleged herein;
  b. the existence of Defendant's identical conduct particular to the matters at issue;
  c. the availability of declaratory relief;
  d. the availability of statutory penalties; and
  e. the availability of attorneys' fees and costs.

33.  Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATION OF THE EFTA, 15 U.S.C. § 1693e(a) AND REGULATION E, 12 C.F.R. § 1005.10(b)

34.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 33.

35.  12 C.F.R. § 1005.10(b) provides, in pertinent part:

Written authorization for preauthorized transfers from consumer's account. ***Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or***

*similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer.*

36. The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

2. Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; *rather, it is the third-party payee that is in violation of the regulation.*

3. Written authorization for preauthorized transfers. *The requirement that preauthorized EFTs be authorized by the consumer "only by a writing" cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer.*

37. The EFT Agreement was not authorized by a writing signed or similarly authenticated by Plaintiff. Rather, Defendant purportedly obtained authorization from Plaintiff verbally, never obtaining a writing from Plaintiff authorizing the preauthorized electronic fund transfers.

38. Further, as there was no signed EFT agreement, Defendant never provided a copy to Plaintiff of any written authorization signed by Plaintiff.

39. Thus, Defendant violated 15 U.S.C. § 1693e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

40. Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(a) and Regulation E, and enjoining Defendant from further violations of 15 U.S.C. §1693e(a) and Regulation E;

41. Awarding Plaintiff actual damages pursuant to 15 U.S.C. §1693m(a)(1);

42. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

43. Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1693m(a)(3); and

44. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45. Plaintiff hereby demands a trial by jury.

Respectfully submitted this 10th day of February, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   */s/ Todd M. Friedman*

**Todd M. Friedman**
Law Offices of Todd M. Friedman